1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8
   JOHN A. GRAVINA,                        )
9                                          )
              Plaintiff,                    )
10                                          )   No.  CV 05-410-TUC-CKJ
   vs.                                      )
11                                          )
   JO ANNE B. BARNHART,                     )          **ORDER**
12                                          )
              Defendant.                    )
13  _____)

14          Pending before the Court is Defendant's Motion to Dismiss [Doc. # 4].  Plaintiff filed

15  a response and the Court heard oral argument on this matter on October 25, 2005.

16

17  *Factual and Procedural Background*

18          Plaintiff John A. Gravina ("Gravina") represented claimant Constance Welch

19  ("Welch") on her two disability claims before the Social Security Administration.  There

20  were two fee agreements between Gravina and Welch; Gravina received attorney fees for the

21  second  claim but has not received payment for the first claim.

22          On June 23, 2005, Gravina filed a Petition for Writ of Mandamus  requesting this

23  Court to issue an Order directing Defendant Jo Anne B. Barnhart, Commissioner of the

24  Social Security Administration ("Commissioner"), to evaluate and pay attorney fees to

25  Gravina.

26          On August 8, 2005, the Commissioner filed a Motion to Dismiss for lack of subject

27  matter jurisdiction.  Gravina has filed a Response.  Oral argument was presented to the Court

28  or October 25, 2005.

*Petition for Writ of Mandamus*

The Court has jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is appropriate when an official's duty to act is ministerial in nature and so plain as to be free from doubt." *Soler v. Scott*, 942 F.2d 597, 602 (9th Cir. 1991), *vacated on other grounds*. In determining whether a writ of mandamus should be granted, a court is to consider whether:

> (1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the [] court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression.

*Cole v. U. S. District Court for the District of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004). Gravina asserts that the Commissioner has a non-discretionary duty to evaluate and pay attorney fees – because the Commissioner has not done so, Gravina requests that you order the Commissioner to pay Gravina the funds immediately or to show cause why payment should not be made.

*Motion to Dismiss*

The Commissioner asserts that this Court does not have subject matter jurisdiction. Because a determination of an appropriate fee is not an initial determination, review of such a determination would not be subject to judicial review. 20 C.F.R. § 404.903(f) (2005); *see also* 42 U.S.C.A. § 406(a)(3)(C), made applicable by 42 U.S.C.A. § 1383(d)(2)(A); 2 Advising the Elderly Client § 18:63. However, mandamus action may be appropriate to determine if the Commissioner failed to comply with statutory or regulatory requirements. *See e.g., Buchanan v. Apfel*, 249 F.3d 485, 491-492 (6th Cir. 2001).

The Commissioner also asserts that Gravina has not demonstrated that he is entitled to mandamus relief. The Commissioner asserts that she does not have a clear, ministerial duty to pay Gravina attorney fees in the precise amount Gravina claims. The question, however, is whether the Commissioner has a clear, ministerial duty to determine whether

(and in what amount) additional attorney fees are due to Gravina.  Here, Gravina has not shown that the Commissioner has a clear, ministerial duty to determine the additional attorney fees where Gravina has failed to submit a fee petition.  *See* 42 U.S.C. § 406(a)(1).[1]

Moreover, Gravina has not shown that he has no other means of obtaining relief. Should he submit a fee petition to the Commissioner, there is no reason to conclude that the Commissioner would not make a determination of whether Gravina is entitled to additional attorney fees.  Indeed, Gravina's conclusory allegations that he is entitled to the additional amount of $6906.75 do not show that the Commissioner's actions (or lack thereof) are clearly erroneous as a matter of law or that any action (or lack thereof) manifests a persistent disregard of the federal rules.  *See Cole*, 366 F.3d at 820 (absence of clear error is often dispositive of mandamus petition).  Gravina has not shown that an entitlement to mandamus relief is "clear and indisputable."  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).

Gravina requests that, if the Court determines it is necessary that he submit a fee petition to the Commisioner, the Court maintain jurisdiction over this petition to insure that the Commissioner completes her duty.  However, Gravina has made no showing that the Commissioner would not complete her ministerial duty to determine whether Gravina is entitled to an award of fees following the submission of a fee petition.  *See e.g., Cole*, 366 F.3d at 817 (in determining whether mandamus action is appropriate, court should consider whether action would address an oft-repeated error or a persistent disregard of the federal rules).  The Court finds it is not appropriate to maintain jurisdiction over this matter.

However, the Court notes that the Commissioner has requested a dismissal with prejudice.  In the event the Commissioner does not act on a subsequently filed fee petition, mandamus action may be appropriate to direct the Commissioner to act on the petition.  *See e.g., Buchanan*. This action, therefore, will be dismissed without prejudice.

---

[1]If Gravina had filed a fee petition, the Court could direct the Commissioner to determine whether Gravina was entitled to the fees, but a mandamus action is not appropriate to determine whether the Commissioner's determination was appropriate.

Accordingly, IT IS ORDERED:

1.      The Motion to Dismiss [Doc. # 4] is GRANTED;

2.      This action is DISMISSED WITHOUT PREJUDICE, and;

3.      The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 4th day of November, 2005.

_____
Cindy K. Jorgenson
United States District Judge